UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MINH TRA, LLC                                    CIVIL ACTION

VERSUS                                           NO. 06-7576

LAFAYETTE INSURANCE COMPANY        SECTION "C" (4)

ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

In this matter, the removal by Lafayette Insurance Company ("Lafayette") was based on subject matter jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 ("MMTJA") and 28 U.S.C.  1441(e), due to the pendency of similar litigation in which the Lafayette is a defendant, Abadie v. Aegis Security Insurance Co., Civil Action No. 06-5164 "K" (2).  The Court has previously rejected the arguments presented by the defendant and determined that the MMTJA does not provide a basis of jurisdiction under the circumstances presented here.  Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006).   There is no issue that diversity jurisdiction is lacking here since both parties share Louisiana citizenship and, in any event, the jurisdictional minimum has not been established by the defendant.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 11th day of January, 2007.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE